**SPENSKY, In re Petition for Writ of Habeas Corpus.**

Ohio Appeals, Second District, Franklin County.

No. 5198.   Decided March 7, 1955.

Lyman & Lyman, Webster S. Lyman, Jr., Columbus, for petitioner-relator.

Hon. C. William O'Neill, Atty. Genl., Thomas R. Lloyd, Asst. Atty. Genl., Columbus, for respondent.

## OPINION

By THE COURT.

This is an original action in habeas corpus wherein the relator is seeking his release from the Ohio Penitentiary upon the following grounds:

1. That the said petitioner, Edward Spensky, was illegally and fraudulently induced to plead guilty upon a promise of leniency by an officer of the court, the Columbiana County Prosecutor;

2. That the said petitioner was not allowed to change his plea to not guilty, thus, along with the above fraud, depriving him of a right to a fair and impartial trial; and

3. That the sentence imposed by the said Columbiana Court of Common Pleas was void and said court was without jurisdiction to sentence petitioner to the Ohio State Penitentiary.

The case was presented upon the stipulation by counsel that certain letters and affidavits submitted by the respective parties were to be considered as all of the evidence in the case.

We have carefully examined these documents and are of the opinion that they fail to establish by the proper degree of proof that the relator was fraudulently induced to enter a plea of guilty to the charge upon which sentence was pronounced. Counsel for the relator at the time of the trial states that the prosecuting attorney advised him that he would make a recommendation to the Court that the relator be given a suspended sentence; that if any such recommendation was made by the prosecuting attorney to the trial judge it was not made in open court. The record does disclose, however, that both of the arresting officers, as well as the chief of police, made such a recommendation to the court. The prosecuting attorney denies entering into any such agreement, saying,

"I explained to Mr. Alexander" (counsel for the relator) "that I could not negotiate any agreement with him concerning his client since my policy as Prosecuting Attorney was not to make any recommendations to the Court concerning disposition of cases and that I felt that the ultimate disposition in any case should rest entirely with the Court after I had furnished all the facts to the Court. Mr. Alexander suggested that his client would be disposed to enter a plea of guilty to the indictment if he could be assured that the sentence would be suspended and that he would be returned to Pennsylvania authorities as a parole violator. I told Mr. Alexander that I could not conclude such an agreement but I suggested to Mr. Alexander that he talk to Judge Joel H. Sharp, our Common Pleas Judge, and that if Judge Sharp would agree to make such a disposition of the case that I would not voice any objection."

Concerning the second ground, urging that the relator was denied the right to a fair trial for the reason that he was not permitted to change his plea to "Not guilty," the record reveals that after the plea of guilty was entered a motion was made to submit testimony in modification of sentence and this motion was sustained and parts of two days were consumed in this proceeding. At the close of the same, sentence was imposed after which a request was made to change the plea to "Not guilty." Since we have found that no representation was made to the relator to induce the plea of "Guilty," as the trial court must also have found, he was not entitled as a matter of right to enter the new plea. A party should not be permitted to trifle with the court in deliberately entering a plea of guilty one day and capriciously withdrawing it the next. 12 O. Jur. 262. We recognize that were he falsely induced to enter the plea of guilty, it would have been the duty of the court on

motion to set the sentence aside and permit the change in plea to be made. Backenstoe v. State, 2 O. N. P. (N. S.) 178.

It is our conclusion that the relator was granted a fair trial and thereafter the court properly exercised its jurisdiction in imposing the sentence.

The writ will be denied.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.